Mr. Chief Justice Alvey
delivered the opinion of the Court:
This is an action brought by the appellant, Thomas Hines, against the appellee, the Georgetown Gas Light Company, to recover damages for personal injuries suffered by the former while in the service and employment of the latter, caused, as it is alleged, by the negligence of the appellee. The declaration was demurred to, and the demurrer was sustained, and the declaration adjudged to be insufficient to show a good cause of action. Whether the demurrer was properly sustained is the only question presented on this appeal.
The Gaslight Company, the appellee, having occasion to open] a trench and take up and replace some of its pipe used for the transmission of gas, directed the appellant, then an employee of the company, to enter the trench and take up the gas pipe; and while the appellant was so employed the gas was allowed to escape, which was involuntarily inhaled by the appellant, and he was made seriously sick and suffered great bodily injury therefrom. The principal act of negligence alleged was the failure or neglect of the appellee to turn off the gas while the appellant was employed in the trench, moving and replacing the pipe. ■
In actions to recover damages occasioned by the negligence of the defendant, it is a well settled principle of pleading, that the declaration must allege and show sufficient facts on which a duty is founded, which it is incumbent upon the defendant to perform in respect to the rights and safety of the plaintiff. This is a fundamental principle of pleading, and the foundation of the right of action in such cases is the breach of the duty thus shown. In the absence of facts to show such a duty and a breach thereof no cause of action is shown. Gautret v. Egerton, L. R., 2 C. P., 371; Collis v. Selden, L. R., 3 C. P., 495.
*376 It is also a settled principle of law, that when a master employs a servant in a work of a dangerous character he is bound to take all reasonable precautions for the safety of the workman. The master must not unduly expose the servant in a dangerous work without taking proper precautions for the safety of the servant; and if the master is aware of any special danger attending the work not known to the servant, it is the duty of the master to inform the servant that the danger may be avoided. But if the servant is himself aware of all the risk or danger attending the employment, and he does not take the necessary care or precaution to avoid the danger, and he suffers injury in the course of the employment, he becomes the author of his own misfortune, and the master is not responsible therefor. In other words, there must be shown a clear breach of duty on the part of the master, the consequences of which could not have been avoided by the servant, by the use of reasonable care and precaution on his part, under the circumstances of the case. And the allegation that the defendant, the master, was guilty of the act of negligence or wrong charged, is well supported by proof that the negligence or wrong was committed by the servants or agents of the defendant in the course of their employment. Brucker v. Fromont, 6 Durnf. & East, 659; M’Manus v. Crickett, 1 East, 110; Wheatley v. Patrick, 2 M. & W., 650; Bank v. Guttschlick, 14 Pet., 19, 27.
■ Now, in the light of these general principles, we will briefly examine the allegations of the declaration, and determine whether the facts stated are sufficient on demurrer.
The declaration first alleges the nature of the business of the defendant and the manner of conducting the same. It then alleges that the illuminating gas, manufactured and distributed by the defendant, was and is noxious, deleterious, injurious and deadly to human beings when inhaled by them, and this the defendant knew; that while the defendant was carrying on the business of gas manufacture and supply, the plaintiff, being in its employment as laborer, was *377 then and there required and directed by it, in the performance of his duty, to enter a certain ditch or trench in one of the highways of the city, in which ditch or trench there was a certain pipe, which was one of the pipes for the transmission and distribution of gas, and which pipe the defendant was then and there engaged in removing in sections, and in substituting therefor a new pipe; and the plaintiff, in obedience to his instruction and direction, then and there entered said ditch or trench, to work therein; and it became and was the duty of the defendant to have such illuminating gas cut off from said old pipe and prevented from entering the same, and to prevent such gas from escaping therefrom, at the point where the plaintiff was at work. Yet the defendant wholly neglected its duty in that regard, and then and there, and while the plaintiff was so engaged in the ditch or trench, in the performance of his work, the defendant did not cause such illuminating gas to be cut off from said pipe, or prevent it from entering said pipe, and escaping therefrom into said ditch or trench; but carelessly and negligently allowed the gas to escape from the pipe into such ditch or trench while the plaintiff was at work therein as aforesaid; and in consequence whereof, and while the plaintiff was ignorant of the defendant's carelessness and negligence, and was otherwise in the exercise of due care and diligence on his part, said gas escaped from the pipe into said ditch or trench while the plaintiff was at work therein, and the plaintiff, involuntarily, without negligence on his part, inhaled said gas, and was thereby overcome and rendered unconscious, and wholly unable to use his limbs, or in any way to escape from said gas to pure air, and in consequence whereof, &c., and by reason of the inhalation of said gas by the plaintiff, he has suffered great and permanent bodily injury, &c.
On the averments thus made we think a cause of action is shown. It is enough if there be certainty in pleading to a common intent; and we think this declaration, in the aver-ments we have recited, substantially shows a breach of duty on the part of the defendant, although it could have been *378 more fully and explicitly stated. The business of the defendant, and the relation of the plaintiff to the defendant as employee, are sufficiently stated. It is then stated that the defendant had full knowledge of the noxious and dangerous quality of the gas, and that it had, by its direction, placed the plaintiff to work in a place of danger, in the course of his employment, and had omitted and neglected to shut off the gas, known to be noxious and deadly to those inhaling it, and thus failed to relieve the position of the plaintiff of danger, which it was in duty bound to do; and that, by reason of such neglect, injury accrued. It is true, there is no express allegation that the plaintiff was himself ignorant of the noxious and dangerous, quality of illuminating gas, and of the danger of his employment in the trench while removing and replacing the¡ pipes. But it is alleged that the plaintiff was ignorant of the defendant’s carelessness, and was otherwise in the exercise of due care and diligence on his part. The omission of the allegation of the plaintiff’s ignorance of the danger of the situation and of the work of his employment forms no sufficient ground of demurrer to the declaration in actions of this character. That was expressly ruled in the case of Watling v. Oastler, L. R., 6 Exch., 73. It is not necessary to allege in the declaration that the plaintiff did not, by his own negligence, contribute to the production of the injury complained of; nor is it necessary that the declaration should negative every possible state of facts which might afford grounds of defense. Whatever constitutes matter of defense should be set up by the defendant; and hence if the injury here complained of was occasioned by the negligence- of a co-employee or fellow-servant engaged in the same common employment with the plaintiff, and for whose negligence the defendant would not be liable to the plaintiff, that is matter of defense to be set up by the defendant, as an answer to the action. It could not be required of the plaintiff that he should allege such matters on the face of his declaration.
The present declaration would seem to be substantially in *379 accordance with settled precedent; and several of such precedents have been tested on demurrer. Williams v. Clough, 3 H. & N., 258; Mellors v. Shaw, 1 B. & S., 437; Watling v. Oastler, L. R. 6 Exch., 73, 76. The declarations in the cases just referred to were not more particular and special in their allegations than the declaration in the present case.
We must reverse the judgment appealed from and remand the cause that the defendant may be required to plead, so that the cause be brought to trial.

Judgment reversed and cause remanded.